UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>v.<br><br>MARCO AURELIO ROSALES,<br><br>*Defendant.* | [PROPOSED]<br><u>PROTECTIVE ORDER</u><br><br>18 Cr. 352 (NRB) |

Upon the application of the United States of America and the defendant having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

**WHEREAS**, the Government intends to disclose to the defendant documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases (collectively, "Disclosure Material");

**WHEREAS**, the Government's Disclosure Material may include sensitive information ("Sensitive Information") that (*i*) affects the privacy, confidentiality, or business interests of individuals and entities; (*ii*) will impede the Government's ongoing investigation of uncharged individuals if prematurely disclosed; (*iii*) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case; or (*iv*) the broad disclosure of which would pose safety risks to individuals; and

**WHEREAS,** the entry of a protective order in this case will permit the Government expeditiously to produce Disclosure Material without further litigation or the need for substantial redactions, and will afford the defendant prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense;

**IT IS HEREBY ORDERED:**

1. There is good cause for entry of a protective order and the provisions set forth herein.

2. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.

3. All Disclosure Material possessed by the defense shall be maintained in a safe and secure manner.

4. Disclosure Material may be disclosed by the defense to:

    a. The defendant;

    b. The following persons (hereinafter, "Designated Persons"):

        i. investigative, paralegal, secretarial, clerical, and other personnel employed or retained by defense counsel;

        ii. independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action; and

    c. such other persons as hereafter may be authorized by the Court.

All Designated Persons to whom Disclosure Material is disclosed in accordance with this provision shall be subject to the terms of this Order. To the extent Disclosure Material is disclosed to any Designated Persons, defense counsel shall first provide each Designated Person with a copy of this Order and instruct such Designated Person(s) that they are bound by the terms of this Order. Defense Counsel shall make reasonable efforts to maintain a record of what Disclosure Material has been disclosed to Designated Persons pursuant to this Order.

5. Defense counsel may show Disclosure Material to potential witnesses ("Potential Witnesses") during the course and for the purpose of investigation, but shall not disseminate

Disclosure Material to Potential Witnesses or permit Potential Witnesses to make or retain copies of Disclosure Material. To the extent Disclosure Material is disclosed to Potential Witnesses, defense counsel shall first instruct each Potential Witness as to the terms of this Order and instruct such Potential Witness(es) that they are bound by the terms of this Order. Defense counsel shall make reasonable efforts to maintain a record of what Disclosure Material has been disclosed to Potential Witnesses pursuant to this Order.

6. The defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth herein. Subject to the restrictions applicable to Sensitive Information set forth herein, this provision shall not prevent the filing of Disclosure Material for purposes of any judicial proceeding.

7. The Government may authorize in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Agreement and Stipulation. The Government shall have sole discretion to determine whether to authorize any such disclosure.

8. Sensitive Information so designated by the Government, including any copies thereof or excerpts therefrom, may be disclosed by defense counsel to the defendant for review at the offices of defense counsel, or in the presence of defense counsel, for purposes related to this case. Notwithstanding the foregoing, the defendant shall not maintain, retain, or keep copies or notes of Sensitive Information outside of the presence of defense counsel.

9. Unless authorized in writing by the Government or by an order of this Court, no Sensitive Information, or information derived therefrom, shall be filed publicly whether excerpted within a filing or as an attachment to a filing. Any filings incorporating, containing, or referencing Sensitive Information shall be redacted and/or filed under seal.

10. Notwithstanding any provision to the contrary, this Order does not prevent the disclosure of any Disclosure Material, including Sensitive Information, in any judicial proceeding in this action, or to any judge or magistrate judge, for purposes of this action. All public filings shall separately comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

11. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government, or securely destroy or delete, all Disclosure Material within thirty (30) days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

13. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

**AGREED AND CONSENTED TO:**

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _____          Date: 2-11-20
Robert Sobelman
Alison Moe
Jarrod L. Schaeffer
Assistant United States Attorney

By: _____          Date: Feb. 11, 2020
Jessica Masella, Esq.
Counsel for Defendant Marco Aurelio Rosales

**SO ORDERED:**

Dated: New York, New York
       ~~January~~ 25, 2020
       February

_____
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

5